IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAHZAY M. BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 14-4654 |
| | : | |
| DARBY BOROUGH, POLICE OFFICER | : | |
| KATHERINE REARDON, POLICE OFFICER | : | |
| ERIN BROWN, POLICE OFFICER ANTHONY | : | |
| SALVATORE and POLICE OFFICER PAUL | : | |
| MCGRENERA | : | |

### MEMORANDUM OPINION

**Savage, J.**                                                                                  **December 23, 2014**

In moving to dismiss the amended complaint, the defendant police officers argue that because the plaintiff pleaded guilty to two of the six criminal offenses with which he was charged, his § 1983 claim based on malicious prosecution is barred by the *Heck v. Humphrey* doctrine and he has not stated a claim.[1] We conclude that because Brown was convicted of two offenses, he cannot demonstrate that the criminal proceedings ended in his favor – an essential element of a § 1983 malicious prosecution cause of action. Because we decline to exercise supplemental jurisdiction on his remaining claims under state law, we shall grant the motion to dismiss.

The facts alleged in the amended complaint, which we must accept as true, recite the history of this case. Brown alleges that on February 18, 2013, he was a lawful

---

[1] Am. Compl. ¶¶ 29, 33, 35 (Doc. No. 14). In response to the motion to dismiss, Brown concedes his claim based upon false arrest is precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994). Pl.'s Opp'n to Def.'s Mot. to Dismiss at ECF 6 (Doc. No. 17). He also withdraws his municipal liability claim against Darby Borough. *Id.* ¶ 7. Thus, the only remaining federal claim is the one brought under § 1983 based upon malicious prosecution against the defendant police officers.

resident of 611 Walnut Street in Darby, Pennsylvania[2] when the defendant police officers entered the property without an arrest or search warrant.[3] At that time, the officers had no information concerning ownership of the property or the plaintiff.[4] In sum, he asserts that the "defendant police officers did not have any reasonable grounds for believing that [he] was committing or had committed any offense."[5]

The police arrested and charged Brown with burglary, criminal trespass, causing or risking a catastrophe, recklessly endangering another person, criminal mischief and disorderly conduct.[6] Because he was unable to post the bail set by a magisterial district judge, Brown was taken to the county prison.[7] Nine days later, on February 27, 2013, bail was reduced and he was released.[8] Later, at a preliminary hearing on April 24, 2013, Brown pleaded guilty to two summary offenses, criminal mischief and disorderly conduct. The felony charges were dismissed as part of a plea agreement.[9]

In moving to dismiss the amended complaint, the defendants contend that Brown's federal claims are barred by the *Heck* doctrine. They also argue that he has not stated malicious prosecution and false arrest causes of action under Pennsylvania law.

---

[2] Am. Compl. ¶ 7 (Doc. No. 14).

[3] Pl.'s Opp'n. to Def.'s Mot. to Dismiss at ECF 4 (Doc. No. 17); Am. Compl. ¶¶ 9-12.

[4] Am. Compl. ¶¶ 10-11 (Doc. No.14)

[5] *Id.* ¶ 15 (Doc. No. 14).

[6] *Id.* ¶ 16 (Doc. No. 14).

[7] *Id.* ¶¶ 18-19 (Doc. No. 14).

[8] *Id.* ¶ 22.

[9] *Id.* ¶¶ 27-28.

**Federal Claims**

To state a claim for malicious prosecution under § 1983, Brown must allege that: (1) the defendant police officers initiated a criminal proceeding against him; (2) the criminal proceeding ended in his favor; (3) the defendant police officers lacked probable cause; (4) they acted maliciously or for a purpose other than bringing him to justice; and (5) as a consequence of the proceeding, he suffered a deprivation of liberty consistent with the concept of a seizure. *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) (citation omitted).

To satisfy the favorable termination element of his malicious prosecution claim, Brown must show that his criminal case ended in a way that indicates his innocence. In most cases, an acquittal or dismissal of less than all the charges is not a "favorable termination." Thus, because Brown pleaded guilty to two of the six charged offenses, we shall begin our analysis by considering whether he can satisfy the second element of his cause of action – whether the criminal proceedings ended in his favor – before addressing the *Heck* issue.

In conducting the favorable termination analysis, we must examine the entirety of the criminal proceeding to determine whether the judgment indicates the plaintiff's innocence. We look to the statutory elements of the crimes charged and the facts of the case. *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009). The focus is on the "underlying conduct that the charges sought to punish." *Id.* at 189. The charges need not share common elements. But, they must arise from the same conduct. Where the plaintiff is convicted of some, but not all, charges arising from the same conduct, he cannot satisfy the favorable termination element. *Id.* at 188.

The charges against Brown arise out of the same conduct. He was arrested for occupying another's property in a reckless and dangerous manner. The elements of each of the charged offenses related to the same conduct. Although some of the charges were dismissed as a result of his plea agreement, Brown pleaded guilty to others. The dismissal of the charges was not the result of a declaration of innocence, but rather a part of his plea bargain. *Hilfirty v. Shipman*, 91 F.3d 573, 580 (3d Cir. 1996) (stating "[a] prosecutor's decision to withdraw criminal charges pursuant to a compromise with the accused is not considered a [favorable termination]").[10] Thus, he cannot establish a favorable termination necessary to support a malicious prosecution claim.

Brown's conviction for his two offenses also implicates the *Heck* doctrine. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff is barred from bringing a constitutional claim pursuant to 42 U.S.C. § 1983 if a judgment in his favor would demonstrate or imply the invalidity of a criminal conviction. *Id.* at 486-87. *See also Torres v. Fauver*, 292 F.3d 141, 147 (3d Cir. 2002). The purpose of the *Heck* Doctrine is to promote the "finality and consistency" of criminal investigations by avoiding "parallel litigation" and "the creation of two conflicting resolutions arising out of the same or identical transaction." *Heck*, 512 U.S. at 484-85 (citations omitted).

To determine whether a claim is barred by *Heck*, we engage in a two-part inquiry. We first determine whether the plaintiff's conviction has been overturned or invalidated. *Id.* at 486-87. If so, the inquiry ends and the claim is not barred. If not, we ask "whether

---

[10] Brown's claim suffers from another deficiency. A guilty plea or conviction conclusively establishes probable cause for the arrest. *McGriff v. Vidovich*, 699 A.2d 797, 800 (Pa. Commw. Ct. 1997). Because Brown pleaded guilty to two charges, he cannot show a lack of probable cause. Thus, he cannot satisfy the third element of his malicious prosecution claim.

a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.

Because Brown has not alleged that his conviction has been reversed or invalidated, we must determine whether success on his § 1983 claims would implicitly invalidate his convictions for criminal mischief and disorderly conduct. As we have stated, Brown cannot establish that the criminal proceeding ended in his favor. *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2002). A finding that Brown satisfied this element of his malicious prosecution cause of action would necessarily "imply the invalidity of his sentence or conviction" of the charges of which he was convicted.[11] In other words, Brown's success in his § 1983 action would necessarily imply that his conviction on the underlying criminal action was invalid. Therefore, Brown's § 1983 claim for malicious prosecution is also barred by the *Heck* doctrine.

## State Law Claims

Having concluded that Brown has not made out a federal § 1983 cause of action, we now consider whether we should exercise supplemental jurisdiction over his state law claims.

"Where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123

---

[11] Though Brown concedes that his false arrest claim is preempted by *Heck*, he opposes the defendants' motion to dismiss his malicious prosecution claim. Pl.'s Opp'n to Mot. to Dismiss at ECF 6 (Doc. No. 17). However, "[w]ith respect to a claim either for false arrest or malicious prosecution, it is clear that an award of damages . . . would necessarily imply that [the plaintiff's] state court conviction and sentence were unlawful." *Marable v. West Pottsgrove Twp.*, 176 F. App'x 275, 281 (3d. Cir. 2006).

(3d Cir. 2000) (emphasis in original) (citing *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)); 28 U.S.C. § 1367(c)(3). There is no reason to retain jurisdiction over Brown's state law claims for malicious prosecution and false arrest.[12]

## Conclusion

Because Brown cannot show that the criminal proceedings ended in his favor, his § 1983 claim based on malicious prosecution will be dismissed. We shall decline to exercise supplemental jurisdiction over the state law causes of action. Therefore, we shall grant the motion to dismiss the amended complaint.[13]

---

[12] Although the defendants seek dismissal of these claims on substantive grounds, the court may dismiss such claims solely by exercising its discretion to decline to exercise supplemental jurisdiction over them. *See e.g.*, *Segers v. Williams*, No. 13-2413, 2014 WL 285078, at *5 n.9 (E.D. Pa. Jan. 27, 2014). Brown may pursue his state law claims in state court

[13] Granting Brown leave to amend would be futile. Brown cannot plead facts that could overcome his having pleaded guilty to some of the charges – an uncontroverted fact that is fatal to his only federal claim.